```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

RICHARD A. SYLVESTER and
DAVID BESS

    Plaintiffs

v.                                    Civil Action No.: 2:05-0274
                                            (Lead Case)

PROVIDENCE HEALTHCARE RISK
MANAGERS, LLC and
BMS CONSULTING, INC. and
BENEFIT MARKETING

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending are the motions filed by (1) defendant Benefit Marketing for clarification of order, and (2) defendant Providence Healthcare Risk Managers ("Providence") to join Benefit Marketing's motion. The motions were filed respectively on November 15 and 16, 2005. The court ORDERS that Providence's motion to join be, and it hereby is, granted.

The court previously concluded that the non-party South District Church of the Nazarene ("South District") played a central role in administering the plan in question, along with undertaking significant indemnification responsibilities toward one or more of the defendants. <u>Sylvester v. Providence Healthcare Risk Mgrs., LLC</u>, No. 2:05-0274, slip op. at 11 (S.D.

W. Va. Oct. 27, 2005). The court additionally noted, however, that there remains a substantial question as to whether ERISA applies in this action in view of the potential applicability of the church plan exemption found in 29 U.S.C. § 1003(b)(2). The court left resolution of this question until the conclusion of discovery.

In view of the uncertain nature of the litigation, the court allowed the original movant for joinder, Benefit Marketing, to file a third-party complaint against the South District, in essence ordering the joinder of the South District as a third-party defendant. This action will facilitate discovery and further development of the exemption issue, while not yet requiring plaintiff to amend and add the South District as a party defendant. Should discovery and further briefing lead to the conclusion that the plan at issue is covered by ERISA, however, the court may ultimately require the South District to be added as a party defendant in view of its seemingly central role in administering the plan. Resolution of that issue, however, awaits further factual and legal development.

Based upon the foregoing discussion, the court ORDERS that the motion for clarification of order be, and it hereby is, denied. In order to provide each of the defendants an equal

opportunity to join the South District, however, the court further ORDERS that any of the defendants desiring to join the South District may file a third-party complaint to that end no later than January 10, 2006.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: December 30, 2005

_____
John T. Copenhaver, Jr.
United States District Judge